United States District Court
Middle District of Florida
Jacksonville Division

**TAMMY JACKSON,**

    Plaintiff,

v.   No. 3:22-cv-828-MMH-LLL

**JFRD,**

    Defendant.
_____

### Report and Recommendation

Before the Court is Plaintiff Tammy Jackson's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), doc. 2, construed as a motion to proceed in forma pauperis. For the reasons that follow, I respectfully recommend the motion be denied and the case dismissed without prejudice.

A district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" if a litigant shows indigency by affidavit. 28 U.S.C. § 1915(a)(1). A plaintiff "need not show [he] is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, it is enough that the affidavit "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide

1

necessities for himself and his dependents." *Id.* (citing *Adkins*, 335 U.S. at 339). A court has "wide discretion" when denying an application to proceed in forma pauperis under § 1915. *Id.* at 1306 (citation omitted).

When a motion to proceed in forma pauperis is filed, a court must review the case under 28 U.S.C. § 1915(e)(2) and dismiss the case if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). And, if, at any time a court determines it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

## Analysis

On March 21, 2022, plaintiff filed three related cases in the Jacksonville Division and moved to proceed in forma pauperis in each of them. *Tammy Jackson v. Dep't of Child. and Fams.*, No. 3:22-cv-321-BJD-JBT ("*Jackson I*"), docs. 1, 2; *Tammy Jackson v. State of Fla.*, No. 3:22-cv-322-BJD-JBT ("*Jackson II*"), docs. 1, 2; *Tammy Jackson v. JFRD*, No. 3:22-cv-323-BJD-JBT ("*Jackson III*"), docs. 1, 2.[1] Each of those cases were assigned to United States Magistrate Judge Joel B. Toomey and United States District Judge Brian J. Davis. Like this case, the defendant in *Jackson III* was

---

[1] Plaintiff also sued the state of Florida in October 2021, *See Tammy Jackson v. State of Fla.*, No. 3:21-cv-1024-HES-JBT; however, that case was voluntarily dismissed. *Id.* at doc. 5.

Jacksonville Fire and Rescue Department (JFRD). *Jackson III,* docs. 1, 3. All three cases appeared to arise out of an incident that occurred on February 13, 2021.

A review of the Duval County Clerk of Court's docket, https://core.duvalclerk.com, reveals that plaintiff was arrested on February 13, 2021, after allegedly trying to abandon her four children at a JFRD station. *See State of Fla. v. Tammy Levelen Jackson*, No. 16-2021-MM-1839-AXXX-MA, doc. 1 (Fla. Duval Cnty. Ct. Feb. 14, 2021). After a trial, she was found guilty of Fla Stat. § 843.02, Resisting Officer without Violence to His or Her Person, *id.* at doc. 115.

After review, plaintiff's motions to proceed in forma pauperis in *Jackson I, Jackson II*, and *Jackson III* were taken under advisement, and the legal infirmities in plaintiff's pleadings were outlined. *Jackson I*, doc. 3; *Jackson II*, doc. 4; and *Jackson III*, doc. 3. In each order, the Court directed plaintiff to file an amended complaint; the Court warned that if she failed to do so it would enter a recommendation to the presiding judge that her cases be dismissed. *Id.*

Plaintiff did not file an amended complaint as instructed, *id.*; on June 15, 2022, Judge Toomey entered a report and recommendation that her cases be dismissed without prejudice for several reasons, including failure to state a claim on which relief can be granted and lack of subject matter jurisdiction. *See Jackson I,* doc. 5; *Jackson II,* doc. 9; and *Jackson* III, doc. 7. Judge Toomey explained that even when liberally construed, the complaints in *Jackson I, Jackson II*, and *Jackson III* were conclusory and "amount[ed] to nothing more than 'an unadorned, the-defendant-unlawfully-harmed-

me accusation.'" *Id.* at 5-6 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Judge Toomey further notified plaintiff that she had the right file objections to the proposed findings and recommendations within 14 days after being served. *Id.* at 8.

Plaintiff did not file objections relevant to the pleading deficiencies[2] outlined in the report and recommendation. *See Jackson I*, *Jackson II,* and *Jackson III*. On July 1, 2022, Judge Davis adopted Judge Toomey's report and recommendation and dismissed the cases without prejudice.[3] *Jackson I,* doc. 10; *Jackson II*, doc. 13, and *Jackson III*, doc. 11. Plaintiff did not take an appeal of Judge Davis' ruling.

Instead, on August 3, 2022, plaintiff filed a new complaint in the above-captioned case,[4] alleging that "on [February 13, 2021], [she] left her children at a safe [] haven for help because [she] did not have any food to feed them." Doc. 1. JFRD then released her children to Jacksonville Sheriff's Office (JSO). *Id.* She alleges that "JFRD made a wrong choice due to inadequate training or supervision that caused damage. (see safe [ ] haven laws)[.]" According to plaintiff, the behavior of JFRD was

---

[2] After Judge Toomey entered a report and recommendation on *Jackson I*, *Jackson II*, and *Jackson III*, plaintiff filed motions for recusal, to appoint counsel, and an objection to Judge Toomey's order denying plaintiff's motions for recusal. *Jackson I,* docs. 6, 8, 9; *Jackson II,* docs. 10, 12, and *Jackson III*, docs. 8, 10. Although Judge Davis did not consider these documents "a specific objection" to Judge Toomey's report, *see, e.g.*, *Jackson III*, doc. 11 n.1, he nevertheless considered her "objections" and overruled them. *Id.* at 4-5.

[3] "A dismissal without prejudice does not constitute a 'final judgment on the merits' and thus has no res judicata effect." *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (citing *Hughes v. Lott,* 350 F.3d 1157, 1161 (11th Cir.2003)).

[4] She also filed a case against the State of Florida on August 3, 2022, based on the same incident. That case is captioned No. 3:22-cv-828-TJC-LLL.

4

wrong because "[n]o crime was committed. No one was abused neglected or in danger." *Id.*

Plaintiff's factual allegations in this case are nearly identical to those[5] found insufficient by Judges Toomey and Davis in *Jackson III*. *See Jackson III,* docs, 1, 3, 7, 11. As Judge Toomey explained in *Jackson III,* plaintiff here alleges that JFRD acted negligently or recklessly with regard to the well-being of her children but fails to set forth any cognizable claim for relief. Docs. 1, 7 at 6. Plaintiff has not tried to remedy or address the prior deficiencies the Court identified in her *Jackson III* complaint in this matter; instead, she has supplied the same factual allegations supporting her claim with only the addition being an allegation that JFRD's "inadequate training or supervision caused the damage." Doc. 1. As in *Jackson III*, she fails to set forth any cognizable claim for relief. *See* doc. 1. To the extent she attempts to assert a claim under 42 U.S.C. § 1983, it is unclear which of her constitutional rights she alleges were violated. *See Cooper v. Rutherford*, 828 F. App'x 619, 621 (11th Cir. 2020)[6] (citations omitted) (explaining that a municipality or local government can be liable under § 1983 if it

---

[5] In *Jackson III*, plaintiff alleged that on February 13, 2021, she left her children at a safe haven for help, but the safe haven released her children to the Jacksonville Sheriff's Office without cause because no crime was committed, no one was abused, in danger or neglected. *Jackson III*, doc. 1. Therefore, she argued, JFRD was negligent and reckless. *Id. See also Jackson III*, doc. 7 at n.1 (explaining it appears plaintiff is suing JFRD for calling the Jacksonville Sheriff's Office).

[6] An unpublished opinion is not binding precedent; but it may be cited if the Court finds it persuasive. *McNamara v. GEICO*, 30 F.4th 1055, 1060-61 (11th Cir. 2022) (quoting 11th Cir. R. 36-2).

subjects or causes a person to be deprived of her constitutional rights and that a plaintiff must prove the entity had a "policy, custom, or practice that caused the deprivation."). For the reasons articulated here and for those reasons outlined by Judges Toomey and Davis in *Jackson III,* docket entries 7 and 11, I respectfully recommend this case be dismissed without prejudice.

### Recommendation[7]

I respectfully **recommend**:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), doc. 2, construed as a motion to proceed in forma pauperis, be **denied**;

2. The case be dismissed **without prejudice**; and

3. The clerk be directed to **terminate any pending motions** and **close the file**.

**Entered** in Jacksonville, Florida on December 1, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

---

[7] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order, Doc. No. 3, No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
Honorable Marcia Morales Howard, United States District Judge
Tammy Jackson, pro se plaintiff
      22 W. 43rd Street
      Jacksonville, Florida 32209